ROBERT G. FINLEY *v.* UNITED STATES CASUALTY COM-
PANY *et al.*

(*Knoxville.* September Term, 1904.)

1. **ACCIDENT INSURANCE.** Policy insuring directly against
employer's liability and one insuring against loss or damage
by reason of liability distinguished; availability of proceeds.

Under an employer's liability policy insuring directly against lia-
bility, the amount of the policy up to the extent of the liability
incurred by an employer on account of an accident to an em-
ployee, become, immediately upon the happening of the event
upon which the liability depends, and the giving of such no-
tice as the policy provides for, an asset of the assured, which
in the absence of any provisions to the contrary in the policy,
may be assigned by him, or taken for his debts, subject to the
making of such proofs as the policy may provide for; but under
such policy insuring against loss or damage by reason of lia-
bility, the amount of the insurance does not become avail-
able until the assured has paid the loss, and is not even then
available unless proper notice has been given as provided in
the policy. (*Post, pp.* 598-601.)

Cases cited and approved: Lumber Co. v. Fidelity & Casualty Co.
(Minn.), 65 N. W., 353, 30 L. R. A., 692; Fenton v. F. & C. Co.
(Or.), 56 Pac., 1096, 48 L. R. A., 770; Bain v. Atkins (Mass.),
63 N. E., 414, 57 L. R. A., 792, 92 Am. St. Rep., 411; Frye v.
Gas Co. (Me.), 54 Atl., 395, 59 L. R. A., 444, 94 Am. St. Rep.,
500; Guarantee Co. v. Siwy (Ind. App.), 66 N. E., 481; Insur-
ance Co. v. Myers (Ohio), 57 N. E., 458, 49 L. R. A., 760; Smith
v. Insurance Co. (Mass.), 50 N. E., 516; Weller v. Eames, 15
Minn. 461; Jones v. Childs, 8 Nev., 121; Smith v. Railroad,
18 Wis., 21; Thompson v. Taylor, 30 Wis., 73; Locke v. Homer,
131 Mass., 93; Church v. Higgins, 48 N. Y., 532.

**2. SAME.** Same. Employee is not in privity with the parties.

Neither under an employer's liability policy insuring directly against liability, nor under one insuring against loss or damage by reason of liability, is the employee treated as in privity with the parties to the contract, for in either case the contract is one between the insurance company and the employer, and is for the benefit of the latter. (*Post, p.* 599.)

**3. SAME.** Same. Same. Policy construed to be one of indemnity and not one insuring directly against liability; case in judgment.

An employer's liability policy containing an express purpose "to indemnify the assured against loss from liability for damages," and containing an agreement "that no action shall lie against the insurer as respects any loss under the policy, unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment," etc., is not a policy insuring directly against liability, but one insuring against loss or damages by reason of liability, and this is true, notwithstanding agreements in the policy that, if suit is brought against the assured, he shall immediately forward every process to the insurer, who will defend against or settle the claim, and that the insured shall not interfere. (*Post, pp.* 602-604.)

**4. SAME.** Same. Same. Same. Under policy of indemnity, insurance cannot be impounded by an employee.

Under an employer's liability policy not insuring directly against liability, but insuring only against loss or damage by reason of liability, the amount of insurance does not become available until the payment of the loss by the assured, and cannot be impounded by an employee on recovery of a judgment against his employer, the assured under such policy.

113 Tenn—38

FROM WASHINGTON.

Appeal from the Chancery Court of Washington County.—HAL H. HAYNES, Chancellor.

A. R. JOHNSON and S. E. MILLER, for complainant.

WATKINS & THOMPSON, for defendant.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff was formerly an employee in the factory of one E. F. Smith, then doing business under the name of the Johnson City Veneer Mills. He was injured in the mill, and thereupon brought suit against Smith, and recovered judgment for $1,000 damages; it having been alleged that the injury was caused by the negligence of Smith. Prior to this time, Smith had obtained a policy of indemnity in the defendant company. Pending the action above mentioned, Smith proposed to accept $50 from the company in full compromise and settlement of his claim under the policy. He had failed to give notice of the injury sustained by Finley, or Finley's claim, until more than a month thereafter. The company had refused to pay on the ground that it was not liable, by reason of such failure to give notice. It had refused to pay anything whatever. However, upon receiving no-

tice from its agent of an offer of compromise, as above mentioned, it decided to accept the offer and make the compromise.

After this time, and when Finley's claim against Smith had proceeded to judgment, he filed his bill in this cause against the company placing his right to recover upon substantially two grounds: Firstly, that the policy taken out by Smith inured to his benefit, upon injury being sustained by him; and secondly, that, if this ground of action be not well sustained, then that he had a right to impound the alleged debt in the hands of the company, and subject it to his judgment, because the compromise was made for the fraudulent purpose of defeating the collection of his judgment.

The chancellor rendered a decree in favor of the defendants. On appeal to this court the cause was referred to the court of chancery appeals, and that court rendered a decree against complainant on both of the points above stated. From this decree complainant, Finley, has appealed again to this court, and assigned errors.

The policy, so far as it need be quoted, is as follows:

"In consideration of $28.80 premium, . . . the United States Casualty Company, herein called the company, does hereby agree to indemnify the Johnson City Veneer Mills, of Johnson City, County of Washington, State of Tennessee, herein called the assured, for a term of twelve months . . . subject to the following special and general agreements, which are to be construed as

co-ordinate, as conditions; against loss from common law or statutory liability for damages on account of bodily injuries, fatal or nonfatal, accidentally suffered, within the period of this policy by any employee or employees of the assured while on duty within the factory, shop or yards mentioned in the schedule hereinafter given, or upon the ways immediately adjacent thereto provided for the use of such employees or the public, in and during the operation of the trade or business described in the said schedule.

"The company's liability for an accident resulting in injuries to or the death of one person is limited to $5,000. . . .

## "General Agreements.

"(1) The assured upon the occurrence of an accident shall give immediate written notice thereof with the fullest information obtainable at the time, to the home office of the company at New York, or to its duly authorized agent. He shall give like notice with full particulars of any claim that may be made on account of such accident, and shall at all times render to the company all co-operation and assistance in his power.

"(2) If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the home office of the company every summons or other process as soon as the same shall have been served on him, and the company will at his own

cost, defend against such proceeding in the name and on behalf of the assured or settle the same, unless it shall elect to pay the assured the indemnity provided for in clause A of special agreemeents as limited therein.

"(3) The assured shall not settle any claim except at his own cost, nor incur any expense, nor interfere in any negotiation for settlement or in any legal proceeding, without the consent of the company previously given in writing, but he may provide at the time of the accident such immediate surgical relief as is imperative. The assured, when requested by the company, shall aid in securing information, evidence, and the attendance of witnesses and in affecting settlements and in prosecuting appeals. . . .

"(7) No action shall lie against the company as repects any loss under this policy, unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment within sixty days from the date of such judgment and after trial of the issue. No such action shall lie unless brought within the period within which a claimant might sue the assured for damages unless at the expiry of such period there is such an action pending against the assured, in which case an action may be brought against the company by the assured within sixty days after final judgment has been rendered and satisfied as above. The company does not prejudice by this clause any defense to such action which it may be entitled to make under this policy."

In our judgment, the court of chancery appeals de-
cided the case correctly upon both points.

There is a difference between the effect of a policy
which insures directly against liability, and one that in-
sures against loss or damage by reason of liability. Un-
der contracts of the first description, the amount of the
policy, up to the extent of the liability incurred by an
employer on account of an accident to an employee, be-
comes, immediately upon the happening of the event on
which the liability depends, and the giving of such no-
tice as the policy provides for, an asset of the assured,
which, in the absence of any provisions to the contrary
in the policy, may be assigned by him, or taken for his
debt, subject, of course, to the making of such proofs to
perfect the demand as the policy may provide for. Un-
der the policies of the second kind, to which the one be-
fore us belongs, the amount of the insurance does not
become available until the assured has paid the loss, and
is not even then available unless proper notice has been
given as provided in the policy.

The rules above stated will be found illustrated and
discussed in the following authorities, viz.: As to the
characteristics of the two kinds of contracts, respect-
ively: *Anoka Lumber Co.* v. *Fidelity & Casualty Co.*,
(Minn.), 65 N. W., 353, 30 L. R. A., 692; *Fenton* v. *F.
& C. C.* (Or.), 56 Pac., 1096, 48 L. R. A., 770; *Bain* v.
*Atkins* (Mass.), 63 N. E., 414, 57 L. R. A., 792, 92 Am.
St. Rep., 411; *Frye, Adm'r,* v. *Bath Gas Co.* (Me.), 54
Atl., 395, 59 L. R. A., 444, 94 Am. St. Rep., 500. As to

notice: *London Guarantee Co.* v. *Siwy* (Ind. App.), 66 N. E., 481; *Travelers' Ins. Co.* v. *Myers* (Ohio), 57 N. E., 458, 49 L. R. A., 760; *Smith & Dove Co.* v. *Travelers' Ins. Co.* (Mass.), 50 N. E., 516.

Under neither class of these policies is the employee treated as in privity with the parties to the contract. Under each the contract is held to be one between the company and the master, and for the benefit of the latter.

In *Anoka Lumber Co.* v. *Fidelity & Casualty Co.* it is said: "The defendant claims that it is not liable because the Nelson judgment (the judgment obtained by the employee against the assured) has not been paid by the plaintiff. If it be simply a contract of indemnity, then, under the decision of this court in *Weller* v. *Eames,* 15 Minn., 461 (Gil., 376), 2 Am. Rep., 150, the payment of the judgment is a condition precedent to the right of the plaintiff's recovery."

In *Fenton* v. *Fidelity & Casualty Co.,* it is said: "There is a distinction made by the authorities between a contract of indemnity against liability for damages and a simple contract of indemnity against damages. In the former case it has very generally been held that an action may be brought, and a recovery had, as soon as the liability is legally imposed, while in the latter there is no cause of action until there is actual damage. *Jones* v. *Childs,* 8 Nev., 121; 10 Am. & Eng. Enc. Law, 413; *Smith* v. *Chicago & N. W. R. Co.,* 18 Wis., 21; *Thompson* v. *Taylor,* 30 Wis., 73; *Locke* v. *Homer,* 131 Mass., 93, 41

Am. Rep., 199; *Trinity Church* v. *Higgins*, 48 N. Y., 532. . . . If, therefore, the policy upon which this action is based is a mere contract of indemnity, the payment by the mill company of the liability incurred by it for the injuries of the plaintiff is a condition precedent to the right of recovery. If, on the other hand, the contract is one of indemnity against liability, a cause of action accrued thereunder as soon as the liability of the mill company to the plaintiff attached."

In *Frye* v. *Bath Gas & Elec. Co.*, wherein it appeared that the policy under examination was in practically the same language as the one before the court, it was said: "We are unable to perceive any ground upon which the bill can be sustained, and the relief prayed for granted. The contract of insurance was with the gas company to indemnify that company against loss from liability for damages on account of bodily injuries accidentally suffered by the employees, and caused by the negligence of the assured. The use of the word 'indemnify' shows the object and nature of the contract. It was to reimburse or make whole the assured against loss on account of such liability. There can be no reimbursement when there has been no loss. The contract of insurance contains nothing to show that it was the object or intention of the contracting parties that the insurer should guarantee the gas company's liability for negligence to its employees. It was not a contract of insurance against liability, but of indemnity against loss by reason of liability. . . . The difference between a contract of

indemnity and one to pay legal liabilities is that upon the former an action cannot be brought and recovery had until the liability is discharged, whereas upon the latter the cause of action is complete when the liability attaches. . . . The contract was one of indemnity only. It was not obtained by the gas company for the benefit of its employees, but for its own benefit exclusively—to reimburse it for any sum that the company might be obliged to pay and had paid on account of injuries sustained by employees through its negligence."

In *Bain* v. *Atkins* it appeared that the policy was one insuring against legal liability, and that before an effort was made by the employee to get the benefit thereof by legal proceedings a compromise had been effected between the employer and the insurance company without any fraud. "Therefore," continues the court, "the plaintiff is compelled to contend that the obligation of the company upon the happening of the accident constituted a fund for the benefit of the plaintiff, impressed with a trust for him that such a trust fund could be paid to Atkins, if at all, only to reimburse him after he had satisfied his own liability to the plaintiff and that the company's settlement with Atkins without the consent of the plaintiff was in the company's own wrong, and void as to the plaintiff. The essence of this contention, without which no part of it can stand, is that the insurance constituted a trust fund for the benefit of the plaintiff, and for this there is no ground. The only parties to the contract of insurance were

Atkins and the company. The consideration for the company's promise came from Atkins alone, and the promise was only to him and his legal representatives. . . . The policy only purports to insure Atkins and his legal representatives against legal liability for damages respecting injuries from accidents to any person or persons at certain places, and within the time and under the circumstances defined. It contains no agreement that the insurance shall inure to the benefit of the person accidentally injured, and no language from which such an understanding or intention can be implied. . . . Atkins had as full a right to settle with the company, and to use in his business the proceeds of the settlement, as to deal at his will with any other part of his property, and the company had a right to settle with him as it did.''

There are some parts of the policy copied in this opinion that are apparently, on first consideration, out of harmony with the view that the contract was intended as one of indemnity merely against loss from liability for damages, rather than against liability simply. We refer to the second and third paragraphs, under the caption "General Agreements." Similar terms were referred to in *Fenton* v. *Fidelity & Casualty Co.,* supra, as indicating that the contract was one simply against liability. This construction is very suggestive, and, if the clauses referred to stood alone, it would be difficult to assign any other meaning to them. However, they are qualified and controlled by the seventh special agree-

ment. When construed along with the latter provision, the following is observed to be the meaning: While the company is bound to reimburse the assured for loss actually sustained and paid by him in satisfaction of a judgment recovered against him by an employee, yet, in order to make sure, as far as possible, that there shall be no recovery as a basis on which to subsequently establish a claim, the company reserves the right to defend the litigation; also to supervise any settlement that may be made, and to have a free hand in negotiating settlements of a claim made against the assured. As stated, if these provisions—that is, the second and third general agreements—stood alone, they would furnish strong reasons for construing the contract as one against liability; but, from what has just been stated, it is perceived that they have a proper place in a contract against loss from liability for damages, in the way of enabling the company to minimize the loss.

When we consider that the provisions in the outset of the policy is "to indemnify against loss . . . from . . . liability for damages, and that in the seventh general agreement it is provided "that no action shall lie against the company as respects any loss under this policy, unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment," etc., we think there can be no doubt that this policy must be construed as one belonging to the class of policies furnishing indemnity against loss from liability for damages,

rather than as being a contract insuring against liability simply.

It is unnecessary that we should especially discuss the subject of notice, or the compromise made between the assured and the company. The first point being determined against the complainant, the second becomes immaterial.

It results, there is no error in the decree of the court of chancery appeals, and it must be affirmed.