Phillips, J. (orally).
There is a general demurrer to the petition, which states that the plaintiff was an employe of the J. Miller Company; that the Miller company had a policy of insurance, known as an employer’s liability policy, issued by this defendant; that the plaintiff, while in the service of the Miller company, was injured; that he brought an action against his employer, and obtained a judgment for $500 and costs; that the Miller company went into bankruptcy, with no assets to speak of; that the Miller company has not paid the judgment—has nothing to pay with, and it can not be collected from that company. The amount of the insurance policy has not been paid by the defendant company, and Garrett, the injured employe, brings this action directly against the insurance company to require it to pay. the amount of his judgment obtained against his employer, the assured. The policy contains this provision:
“No action shall lie against the company to recover for any loss under this policy, unless it shall be brought by the assured for loss actually sustained and paid in money by him in satisfaction of a judgment after trial of the issue. Nor, unless such action is brought within ninety days after final judgment against him has been satisfied.”
This is an equitable action in form; and it is claimed in support of the demurrer that the insurance company can not, under these circumstances, be made liable directly to the injured party.
As to the effect of such policy provisions as the one involved in this case, the decisions, though not in entire accord, fall into these two classes: (1) those which treat a liability policy.as a contract of indemnity against loss; and (2) those which treat it as a contract to pay a liability.
*414 Courts holding the policy to be a contract to indemnify the injured for loss hold that the liability of the insurance company is available only to the insured, and not to an injured employe; while the other line of decisions holds that an injured employe may sue the insurance company directly.
. Except for some verbal differences in the policies involved in these divergent cases it' must in the first place be clear that the liability of the insurance company is primarily to the insured, with whom alone it contracts; and to whom it alone obligates itself to pay.. In the next place, it is equally clear that the liability of the company is primarily at law, and not in equity.
It follows that, to enable an injured employe of the insured to maintain an action on the policy directly against the company, and to maintain such action in equity, reliance must be had upon circumstances dehors the policy (1) to bring the injured employe and the insurance company into jural relations, and (2) to justify a resort to equity.
The distinction between a contract to indemnify, and one to pay a liability, is clearly stated in American Employers’ Liability Ins. Co. v. Fordyce, 62 Ark., 562, in which it is held that:
“Where a contract of insurance is to pay -liabilities and not merely to indemnify, the insured employer may recover, if his liability has been fixed, and before he has actually paid anything. ’ ’
I read a couple of excerpts from the opinion in this case:
“The contract speaks for itself. It is couched in unequivocal language. The insurer binds himself to pay ‘all damages with which the insured might be legally charged, or required to pay, and for which it might become legally liable.’
“This is plainly a contract to pay liabilities. * * * This is not simply a contract of indemnity. It is more; it is also a contract to pay liabilities. The difference between a contract of indemnity and one to pay legal liabilities is that upon the former an action can not be brought and a recovery had, until the liability is discharged; whereas upon the latter the cause of action is complete when the liability attaches.”
In that case the injured person was not a party, and of course asserted no claims against the insurance company. • The case de *415 cides only that the policy was a contract to pay liabilities and not merely to indemnify, and that the insured could himself maintain an action on the policy before actual payment of damages to the injured party, such damages having been theretofore ascertained by judgment in an action by the injured person against the insured employer.
In Anoka Lumber Co. v. Fidelity & Gas Co., 63 Minn., 286, the insurance company insured the employer “against all'liability on account of fatal or non-fatal injuries suffered by an employe,” and took upon itself the settlement of any loss, and the control of any suit against the employer, and of any settlement with the injured employe. Held: This was not an agreement to-indemnify, but an assumption of liability.
In the opinion the court-say:
“Thus we see, from the very terms of the instrument itself, that it is not merely an agreement to indemnify the plaiptiff against any act of the employe, but that in ease of an accident of such a character as to injure him, whereby a cause of action arises against the assured, the insurer or the company will assume liability. The company takes upon itself the settlement of loss and the control of all legal proceedings, and the assured is f orbidden to settle any claim or incur any expense without its consent in writing. At the expiration of the time when a suit can be brought by the employe against the employer arising out of such accident, an action may be brought in regard to such claim against the company within thirty days after judgment is rendered in such suit. If the plaintiff is forbidden to settle for an accident of this kind we fail to see how it is imperative upon Tdm to pay a judgment rendered against him upon such claim as a condition precedent to his right of recovery. The insurance company, by the terms of its own policy, has taken into its own hands the whole machinery for settling such claims, and will not allow the employer to do it.”
Then from Carter v. Insurance Co. in 76 Kas., 275, I read from the syllabus:
“A policy insuring an employer against loss from liability for injuries to the employes of the assured, which contains the stipulation, ‘No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid *416 by him in satisfaction of a judgment 'within sixty days from the date of such judgment .and after' a trial of the issue,’ is a contract of indemnity for the benefit of the assured, and there is no right of action thereon against the insurance company until the assured sustains a loss by the payment of a liability. ’ ’
From the opinion I read:
"The liability of the insurance company under the policy must be measured by its terms. It will be observed that the contract of the insurance company was with the bridge company, and not with the employes. The contract was to indemnify against loss from liability, and not-insurance against liability. In its general features, it provided for making good the loss suffered by the assured, or rather for reimbursing it to the extent of its loss. Until the assured had met with a loss, there was no occasion to pay indemnity; no reason to reimburse, until something had been paid by the assured. - Aside from the fact that in its general characteristics the contract is one of indemnity, it contained the specific provision that no recovery could be had against the insurance company under the policy, unless the action was brought by the bridge company itself to reimburse it for the loss actually sustained and paid in satisfaction of a judgment. This provision leaves no doubt of the intention of the parties, which was that the insurance company was not required to pay anything, because of the policy, until losses had been paid by the assured in satisfaction of a judgment. It is a -provision which the parties had a right to insert in their contract. The obligations of the policy did not extend beyond tiie two contracting parties. The bridge company, on one hand, was procuring indemnity to protect itself from loss, and the insurance company, on the other, was undertaking to make good the losses which the bridge company should be compelled to pay; and, as an assurance that these losses should not be excessive, .it reserved the right to go into court and resist the claims presented against the assured. ’ ’
In Finley v. Casualty Co., 113 Tenn., 592, I read two paragraphs of the syllabus:
"An employer’s liability policy, containing an express provision ‘to indemnify the assured against loss from liability for damages’ and containing an agreement ‘that no action shall lie against the insurer as respects any loss under the policy, -unless it shall be brought by the assured himself to reimburse him for *417 loss actually sustained and paid by him, in satisfaction of a judgment’ is not a policy insuring directly against liability but one insuring against loss or damages by reason of liability. And this is true, notwithstanding agreements in a policy that if suit is brought against the assured, he shall immediately forward every process to the insurer who will defend against, or settle the claim, and that the insured shall not interfere.
“Under an employer’s liability policy, not insuring directly against liability but insuring only against loss, or damage by reason of liability, the amount of insurance does not become available until the payment of the loss by the assured, and can not be impounded by an employe on recovery of a judgment against his employer, the assured, under such policy.”
These cases sufficiently show the distinction, which runs through most of the cases, between contracts to indemnify, and contracts to pay a liability. And these cases make it plain that the policy sued on here is one to indemnify against loss sustained by actual payment of a judgment against the insured.
I read further from Finley v. Casualty Co., supra, on page 598:
“ There is a difference between the effect of a policy which insures directly against liability, and one that insures against loss or damage by reason of liability. Under contracts of the first description, the amount of the policy, up to the extent of the liability incurred by an employer on account of an accident to an employe, becomes, immediately upon the happening of the event on which the liability depends, and the giving of such notice as the policy provides for, an asset of the assured, which, in the absence of any provisions to the contrary in the policy, may be assigned by him, or taken for his debt, subject, of course, to the making of such proofs to perfect the demand as the policy may provide for. Under the policies of the^seeond kind, to which the one before us belongs, the^ amount of the insurance does not become available until the assured has paid the loss, and is not even then available unless proper notice has been given as provided in the policy.”
There are a few cases holding that where the policy is one of indemnity, the injured employe may nevertheless maintain a proceeding in equity against the insurance company. But these cases are sporadic. They evince the ingenuity of some courts to subserve a sentiment, rather than to apply sound and settled principles of the law. The decisions are not sound, and their authority is more than doubtful.
*418 An early ease of this kind is that of Beacon Lamp Co. v. Insurance Co., 61 N. J. Eq., 59. In this case the policy contained this provision:
“No action shall lie against the (insurance) company as respects any loss under this policy, unless it shall be brought by the assured himself to reimburse him for loss actually sustained, and paid by him in satisfaction of a judgment after a trial of the issue.”
Almost, identical with the provision of the policy involved in this case. The injured employe obtained a judgment against the insured employer, who became a bankrupt. Upon a cross-petition by the injured one, the court of chancery held that this situation transformed the insurance company into the original obliger to the injured employe, and made the insured employer a surety for the insurance company; and it then applied the rules applicable to that relation.
The ease went to the court of errors and appeals, and that court ignored this bit of legerdemain, and held that the liability of the insurance company ivas to the insured, and passed to his trustee in bankruptcy, as assets of his estate, and that the transfer of assets to the trustee in bankruptcy was payment, pro tanto, of the judgment, and to that extent gave the trustee— not the injured employe—a right against the insurance company. This decision gives effect to the plain meaning of the provision in the policy, limiting the liability of the insurance company to an action by the insured, after payment by him.
Another such case is Sanders v. Insurance Co., 72 N. H., 485. I read from the opinion, on page 493:
“ If it be conceded that the contract is one of indemnity against damage,' merely, the question presented would not be whether an action at law is now maintainable by either the plaintiff or the paper company, but whether there is power in equity to grant the relief asked. But whether such power exists or not, the indemnitor has the right to perform his. contract of indemnity by payment of the claim indemnified against. He may also, if he deems it necessary, stipulate for the right to perform the contract in this way, and may also agree that he will so perform it. If there be any uncertainty as to the right of a creditor to claim payment in equity of one who has agreed to indemnify the debtor against *419 his claim, there is no doubt of his right to do so against one who has assumed the debt or agreed to pay the claim. An agreement to assume a debt is a promise to pay it as the promisor’s own debt.” •
Several courts have criticized both Beacon Lamp Co. v. Insurance Co., supra, and Sanders v. Insurance Co., supra, and have refused to follow them.
A late ease of this class is Connelly v. Bolster, 187 Mass., 266. I read from the syllabus:
“When a policy insuring against liability for bodily injuries caused by the negligence of the insured contains a provision that no action shall lie for any loss under a policy, unless brought by the insured to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue, payment of the judgment by the insured is a condition precedent to the liability of the insurance company.”
On page 270, I read from the opinion:
“Whether the insurance company is bound to pay the judgment depends upon the terms of its agreement to indemnify the assured against loss, and the eighth clause in terms provides that no action shall lie for ‘any loss under this policy,’ unless brought by the assured ‘to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of this issue.’’ In the case at bar, Bell has not paid the judgment recovered by the plaintiff, and therefore has no claim against the insurance company.”
Here is exposed the fallacy of the decisions giving the injured party a right against the insurance company. It is this: It expedites the right of the employe, and makes the insurance company liable to him, before it is liable to the employer, with whom it contracted; and yet this premature enforcement of- liability is bottomed on the contract, by the terms of which there is no liability to the employer, at the time of the action brought by the employe.
I think the few courts that have entertained such action, or cross-action, by the injured party have overlooked the basis of the proceeding in equity. You can not enhance a right, and you can not enhance a liability, by calling your action an action in equity. Courts of equity will intervene to enforce an equitable *420 •right in a complainant. He must have an equitable right; that is, a right that is recognized in courts of equity and not in courts óf law. That is one ground upon which' courts of equity will act.
Another ground is, when a party has a legal right, but is remediless at law; that is, he has a legal right as contradistinguished from an equitable right, but because of the circumstances it is not enforcible at law, or he can not have adequate remedy at law, the courts of equity will intervene and give him equitable relief under certain circumstances. Not always, but that is one ground of equity jurisdiction.
Now the injured employe, under such contract as that set out in this petition, has no legal right against the company; and yet the only liability of the company is a liability at law. The company has a right to a jury trial, in a court of law, for the enforcement of the payment against it. It owes no equitable duty to anybody. It owes a legal obligation. You can’t enlarge it, you can’t switch it to something else, by calling your action an action in equity. And this employe has no right against the insurance company, either legal or equitable. The demurrer to this petition will be sustained.