ATLAS HARDWOOD LUMBER Co. *v.* GEORGIA LIFE INSURANCE Co.

(*Jackson.* April Term, 1914.)

INSURANCE. Employer's liability policy. Loss. Necessity of payments.

An employer's liability policy provided that no action would lie thereon unless brought in the name of assured for loss actually sustained and paid in money by the assured in satisfaction of a judgment after trial. *Held*, that payment by and loss to the insured were conditions precedent to a recovery on the policy, and hence, where the insured transferred a claim under the policy to an injured employee, and after judgment against it recovered by the employee brought suit for his benefit on the policy without having paid the judgment, insured could not recover.

Cases cited and approved:   Finley v. Casualty Co., 113 Tenn., 592; Cayard v. Robertson, 123 Tenn., 382; Brick Co. v. Surety Co., 126 Tenn., 402; St. Louis Dressed Beef & P. Co. v. Maryland Casualty Co., 201 U. S., 173.

---

FROM SHELBY.

---

Appeal from Chancery Court, Shelby County.—F. H. HEISKELL, Chancellor.

WILSON & ARMSTRONG, for appellant.

R. LEE BARTELS, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

The defendant insurance company which does an employer's liability business, issued a policy to the complainant whereby the insurance company agreed to indemnify the lumber company against loss arising or resulting from claims upon the insured for damages on account of bodily injuries accidentally sustained by any employee or employees of the insured.

One James H. Poag, claiming to have been an employee of the lumber company, and to have sustained injuries while in the service of the latter, brought suit against the lumber company and recovered a judgment by default for $15,000. By agreement between attorneys for Poag and for the lumber company, this judgment was set aside in consideration of the lumber company's assigning to Poag its rights or claim against the insurance company on account of this accident. Another trial was had which resulted in a judgment in favor of Poag against the lumber company for $5,000.

Upon the happening of the accident on account of which Poag sued, the lumber company gave due notice to the insurance company, and the insurance company investigated the accident and denied any liability therefor, for the reason that it concluded Poag was not in the service of the insured at the time of the accident, but was in the service of an independent contractor. The insurance company declined to assume the defense of the suit brought by Poag, or to have anything to do with it. Likewise, the insurance company has refused

the demand of the lumber company to satisfy the judgment which Poag has obtained against the lumber company, to which reference has just been made. This suit is brought by the lumber company in its own right, and for the use of Poag to recover from the insurance company the amount of this judgment, together with costs and attorney's fees, expended by the lumber company in resisting suit. There was a decree in favor of the insurance company below, and the lumber company has appealed. The lumber company has not paid Poag's judgment, nor does it appear that payment of the other amounts included in its suit has been paid by it.

The policy issued to the insured recited that in consideration of a certain premium and statements made, the insurance company "hereby agrees to indemnify the assured designated in the said schedule against loss arising or resulting from claims upon the assured for damages on account of bodily injuries suffered or alleged to have been suffered while this policy is in force, including death resulting at any time therefrom by any employee or employees of the assured by reason of the operation of the trade or business described in the said schedule, and to defend the assured and pay expenses and costs subject to the following conditions."

The only conditions of the policy necessary to be considered in this opinion are conditions B and D which are as follows:

"Condition B. When any accident occurs the assured shall give immediate written notice thereof to the company at its home office in Macon, Georgia, or to its duly authorized agent. If any claim is made on account of such accident the assured shall give like notice thereof. If any suit is brought to enforce such a claim the assured shall immediately forward to the company at its home office in Macon, Georgia, every summons or other process as soon as the same is served on him, and the company shall defend such suit (whether groundless or not) in the name and on behalf of the assured. All expenses (legal and otherwise) incurred by the company in defending such suit, and all court costs assessed against the assured shall be paid by the company (whether the verdict is for or against the assured) regardless of the limits of liability expressed in condition N. The assured shall always give to the company all co-operation and assistance possible. The company shall have the right to settle any claim or suit at its own cost at any time.

"Condition D. No action shall lie against the company under the indemnity clause herein unless brought by and in the name of the assured for loss actually sustained and paid in money by the assured in satisfaction of a judgment after trial of the issue. No action shall lie against the company under any other agreement herein, unless brought by and in the name of the assured for money actually paid by him. In no event shall any action lie against the company, unless brought within two years after the right of action

accrues. The company does not prejudice by this condition any defenses to any such action to which it may be entitled.''

It will be observed that by the terms of this policy the insurance company agrees to indemnify the assured against loss on account of accident covered thereby, and does not agree to indemnify the insured against liability from loss on account of such accidents.

This distinction is well recognized in law and has been taken by this court in two cases. *Finley* v. *Casualty Co.,* 113 Tenn., 592, 83 S. W., 2, 3 Ann. Cas., 962; *Cayard* v. *Robertson,* 123 Tenn., 382, 131 S. W., 864, 30 L. R. A. (N. S.), 1224, Ann. Cas. 1912C, 152.

In *Finley* v. *Casualty Co.,* supra, the authorities are reviewed at length, and this court said that under policies insuring against indemnity from loss, "the amount of insurance does not become available until the assured has paid the loss and is not even then available unless proper notice has been given as provided in the policy.''

As stated above, the assured in this case has not paid the loss, and the authorities approved in *Finley* v. *Casualty Co.,* and upon which that case rests, hold that such payment is a condition precedent to the maintenance of a suit against the indemnity company on such a policy. In other words, the cases hold that until the claim or judgment against the assured has been paid by him, he has sustained no loss, and therefore, he has no claim under a policy insuring him against loss.

129 Tenn.—31

The policy under examination in *Finley* v. *Casualty Company,* supra, was in all essential particulars similar to the one here sued upon, and was held to be a policy against indemnity from loss, and not a policy against indemnity from liability on account of loss. *Finley* v. *Casualty Co.* was followed and approved by the later case of *Cayard* v. *Robertson,* supra, and we think the rule announced in these two cases is decisive of the present controversy.

Counsel for the complainant assumes that relief was denied the complainant in *Finley* v. *Casualty Co.* on account of a provision in the policy there construed similar to condition D of this policy heretofore set out. It is then argued that by repudiating liability in the outset, and refusing to undertake the defense of P'oag's suit, this defendant insurance company waived the benefit of condition D, and should be held liable on the authority of *Brick Co.* v. *Surety Co.,* 126 Tenn., 402, 150 S. W., 92, Ann. Cas. 1913E, 107, and *St. Louis Dressed Beef & P. Co.* v. *Maryland Casualty Co.,* 201 U. S., 173, 26 Sup. Ct., 400, 50 L. Ed., 712.

The two cases just mentioned are to the effect that a provision in a policy of this kind, similar to condition D, may not be relied on by an insurance company in certain cases where it has breached its primary obligation under the contract of insurance, and repudiated all responsibility for a claim properly falling within the terms of its contract of indemnity. In both cases the losses were paid by the assured.

This court held in *Brick Co.* v. *Surety Co.,* supra, when the Surety Company refused to do any of the things it had contracted to do upon notice of an accident included in the terms of the policy issued, that by such action the company breached its contract of insurance and became liable to the insured for the legal consequences of this breach. We held that a provision like condition D did not apply to such a case; that the company had to pay the loss its default had occasioned, and which had been by the Brick Company discharged.

We adhere to the rule announced in *Brick Co.* v. *Surety Company.* In this case we may eliminate entirely condition D and its effect. We then have a case in which an insurer against loss breached its contract to defend a suit brought against the assured. The contract having been to indemnify against loss, the measure of damages for the breach would be the loss suffered by the assured. As we have heretofore seen, there has been no payment by the assured on account of this accident, and it has therefore sustained no loss. Payment by the assured, loss to the assured, must appear before there can be a recovery on this policy. This is true, regardless of condition D, and results from the nature of the obligation.

For the foregoing reasons, we think the chancellor correctly determined the case in favor of the defendant. The question upon which we decide the case was raised by demurrer, and later by a motion for peremptory instructions. The chancellor directed a verdict

in favor of the insurance company, the case having been tried by a jury, but it does not distinctly appear upon what ground he based his action. Several defenses were interposed by the insurance company. Without passing on the other points in the case, we must hold that payment on account of this loss or judgment against it is a condition precedent to any recovery by the complainant upon the policy here sued on. The chancellor's decree will be affirmed, with costs.