FERNANDO VÉLEZ, demandante y apelante, *v.* ARSENIO MARTÍNEZ y THE INDEPENDENCE INDEMNITY Co., demandados y apelados.

No. 3823.—*Visto:* Marzo 2, 1926. *Resuelto:* Junio 4, 1926.

1. SEGUROS—DEL CONTRATO EN GENERAL—SU INTERPRETACIÓN Y EFECTO *(Operation)*—PARTES CONTRATANTES—PÓLIZA POR RESPONSABILIDAD DEL PATRONO.— Bajo una póliza que cubre responsabilidad por la ley al asegurado por daños y perjuicios por lesiones sufridas por cualquier empleado del asegurado *(employer's liability policy)*, el empleado no tiene derecho de acción alguna contra el asegurador del principal, pues no hay relación contractual entre aquél y el asegurado por virtud del contrato.

2. SEGUROS—ACCIONES SOBRE PÓLIZAS—DERECHO DE ACCIÓN.—Examinada la cláusula estipulada—en el contrato de seguro de que se trata—para cubrir cualquier responsabilidad del dueño del carro, se resolvió dicha cláusula no daba al demandante ningún derecho de acción ya contra la compañía o el asegurado.

SENTENCIA de *Charles E. Foote*, J. (Mayagüez), desestimando la demanda. *Confirmada.*

*Angel A. Vázquez* y *José Sabater*, abogados del apelante; *J. H. Brown* y *Clemente Ruiz Nazario*, abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Dos demandados formularon excepciones previas por ser

parado a una demanda en la cual se reclamaban daños y perjuicios con motivo a un accidente ocurrido a un *chauffeur*.

La acción fué establecida contra el dueño del automóvil o al parecer como principal, y contra una compañía de aseguros por virtud de su contrato. La demanda niega expresamente *todo derecho de acción* por virtud de la ley de indemnizaciones a obreros y no trata de obtener la indemnización por razón de ningún acto u omisión del dueño del automóvil. No se imputa negligencia alguna contra el demandado dueño o principal. El dueño estaba en San Juan y el *chauffeur* venía de Mayagüez para llevar al primero a Mayagüez cuando el accidente ocurrió debido al choque inesperado con una piedra en la carretera. El origen de la acción del demandante es el contrato de aseguro celebrado entre el principal y la compañía de aseguro demandada. La corte declaró con lugar cada una de las excepciones previas y estas varias decisiones han sido señaladas como error.

[1, 2] La causa de acción se funda exclusivamente en la siguiente cláusula del contrato:

"En consideración del cargo adicional incluído en el premio total que se ha cobrado, es entendido que esta póliza, sujeta a sus cláusulas, condiciones y declaraciones, se amplía desde esta fecha en sentido de pagar cualquier pérdida por concepto de la responsabilidad impuesta por la ley al asegurado por daños y perjuicios con motivo de lesiones corporales, (incluso muerte en cualquier tiempo como resultado de tales lesiones) accidentalmente sufridas durante el período de la póliza por cualquier empleado o empleados del asegurado, como resultado de la posesión, mantenimiento o uso de cualquiera de los automóviles enumerados y descritos en el pliego de estipulaciones, excluyendo sin embargo, los empleados cobijados por la ley de indemnizaciones a obreros de Puerto Rico."

Hubo alguna discusión respecto a si la corte no dió razones erróneas para sostener la demanda. Los apelados niegan que la corte sostuvo el supuesto razonamiento erróneo. El hecho de que la corte razonó erróneamente difícil-

mente podría servir al apelante si la demanda no contenía
una causa de acción.

La cláusula citada no da al demandante ningún derecho
de acción ya contra la compañía o el principal. El contrato
de la compañía era para cubrir cualquier responsabilidad
del dueño del carro. Habiéndose excluído expresamente la
Ley de Indemnizaciones a Obreros la compañía sólo estaba
obligada a compensar al dueño del carro por la obligación
que tenía ésta para con un empleado. Estamos satisfechos
con las citas de los apelados en este sentido las que repro-
ducimos:

"'De acuerdo con los contratos ordinarios de indemnización
como éste, no existe ningún nexo ni relación contractual entre el
sirviente o empleado y las partes en el contrato; el fondo provisto
para indemnización no es un fondo en depósito, y las pérdidas que
se tienen en cuenta es la que el principal asegurado sufre cumpliendo
la sentencia dictada contra él de acuerdo con los términos del con-
trato. Y si la póliza asegura directamente contra responsabilidad
o contra pérdida o daño por responsabilidad no hay ningún nexo
entre el empleado y las partes aseguradora y asegurada por virtud
del contrato de seguro. *Un empleado por tanto no tiene ningún
derecho de acción en ley contra el asegurador del principal,* pues
no existe ninguna relación contractual entre él y dicho asegurador.'

"Joyce on the Law of Insurance, 2nd. Ed. Vol. 5, pp. 6002
6003, Sec. 3658b.

"Finley v. United States Casualty Co., 113 Tenn. 592, 83 S.W.
2, 34 Ins. L.J. 179.

"Morris v. Traveler's Ins. Co. (U.S.C.C.) 189 Fed. 211, 40 Ins.
L.J. 2054.

"'Un empleado lesionado no puede primero proceder contra el
asegurador a menos que el contrato ya por sus términos expresos o
por razonable inferencia hubiera sido celebrado para beneficio de
tal empleado. Que esta es la ley ha sido resuelto expresa e inequí-
vocamente en un caso bien considerado en North Carolina en el
cual las autoridades han sido consideradas completamente. Y allí
se declara por el Juez Hoke, que en todos los casos "*en tanto han
sido examinados, un derecho de acción que surge por la póliza, se
tiene y considera como un fondo del principal asegurado, y en au-
sencia de una cesión de él, el empleado no puede apropiarlo a su
reclamación,*" excepto por embargo o demanda en la forma de un

mandamiento en equidad, o alguna acción en la naturaleza de una diligencia final, incidental a la quiebra o insolvencia. Esta posición ciertamente está sostenida por el gran peso de las autoridades. '

" 'Un contrato corriente de indemnización como éste no se celebra para beneficio del empleado bien en sus términos expresos o en su objeto fundamental. Se otorga para la protección e indemnización del principal, defendiéndole contra peticiones inesperadas e inciertas las cuales por otra parte podrían resultar desastrosas a su negocio, y los derechos que surgen por virtud de tal contrato son propiedad suya, y las acciones para recobrar la misma están y deben estar bajo su control. La naturaleza del contrato y los principios aplicables están bien establecidos en uno de los casos de Massachusetts, a saber: *"Las únicas partes en el contrato de aseguro eran Atkins y la compañía."* La consideración para la promesa de la compañía procedía de Atkins solo y la promesa fué solamente para él y sus representantes legales. No sólo no era el demandante una parte en la consideración o el contrato, sino que los términos del contrato no tienen por objeto prometer una indemnización para beneficio de ninguna persona que no sea Atkins. La póliza únicamente tiene por fin asegurar a Atkins y a sus representantes legales contra la *responsabilidad legal por daños y perjuicios por lesiones* debido a accidentes a cualquier persona o personas en ciertos sitios dentro del tiempo y bajo las circunstancias expresadas. No contiene ningún convenio de que el aseguro será para beneficio de la persona accidentalmente lesionada, ni ningún lenguaje del cual pueda inferirse tal entendimiento o intención. Atkins no tenía obligación de solicitar el aseguro para beneficio del demandante; ni existía ninguna relación entre el demandante y Atkins que pudiera dar al segundo el derecho a solicitar un aseguro para beneficio del demandante. La única exposición correcta de la situación es simplemente que el aseguro era un asunto enteramente entre la compañía y Atkins, en el cual el demandante no tenía ningún interés legal o en equidad, más que el que pudiera tener en cualquier otra propiedad perteneciente absolutamente a Atkins. Siendo ésta la posición correcta, la demanda en las actuales condiciones *no alega ninguna causa de acción contra la compañía de aseguro ni contiene hechos que den al demandante ningún derecho actual a recobrar contra ella, ni a obtener una sentencia en ninguna forma que expresamente afecte a sus derechos.'*

"Joyce on Insurance, volumen 5, página 6006, par. 3658c

"Clarke v. W. R. Bonsal & Co., 157 N. Car. 270, 48 L.R.A. (N.S.) 191n., 72 S.E. 954, 41 Ins. L.J. 144.

"Bain v. Atkins, 181 Mass. 240, 57 L.R.A. 791 (subrayado nuestro)".

Por alguna razón el apelante hace mención del caso de *Frye* v. *Bath Gas & Electric Co.,* 59 L.R.A. 444. Incurre en error al decir que el caso fué resuelto contra el demandante porque la póliza contenía una cláusula que expresaba que no se seguiría ninguna acción a no ser que fuera establecida por el propio asegurado. El caso fué primeramente resuelto sobre la teoría sostenida por los apelados y entonces se citaba la cláusula como razonamiento adicional.

*No encontramos que se haya cometido error y debe confirmarse la sentencia apelada.*