ARMINDA TETERS *v.* A. J. GASS and the BELT AUTOMOBILE
INDEMNITY ASSOCIATION.*

(*Knoxville.* September Term, 1927.) `

Opinion filed, November 21, 1927.

1. **AUTOMOBILE   INSURANCE.   PLEADING.   DEMURRER.
CROSS-BILL.**

In a suit brought by the plaintiff in an action growing out of an
automobile accident against the defendant in that action and the
insurance company where such defendant sought as a cross-
complainant to recover of the insurance company the amount of
the judgment, the Chancellor properly sustained a demurrer to
the cross-bill. (Post, p. 129.)

Citing: Finley v. Casualty Co., 113 Tenn. (5 Cates), 592; Cayard
v. Robertson, 123 Tenn. (15 Cates), 382; Brick Co., v. Surety Co.,
126 Tenn. (18 Cates), 402; Lumber Co. v. Insurance Co., 129
Tenn. (2 Thomp.), 477.

2. **INDEMNITY INSURANCE.   LIABILITY.   LEGISLATION.**

An insurance policy which insures "against **actual loss sustained by
subscriber** on account of legal liability **imposed upon him**" in-
dicates a purpose to emphasize the restriction to indemnity only.
(Post, p. 129.)

Citing: Finley v. Casualty Co., 113 Tenn. (5 Cates), 592.

3. **AUTOMOBILE INSURANCE.   BREACH OF CONTRACT.**

Where a policy of insurance provides for indemnity to the insured
for the amount of loss or expense actually paid by him after
the trial of the issue, the obligation is in no way impaired by the `
failure of the insurance company to defend. (Post, p. 130.)

Citing: Finley v. Casualty Co., 113 Tenn. (5 Cates), 592.

4. Under a contract of insurance against actual loss sustained by sub-
scriber on account of legal liability imposed upon him, etc., the

---

*Insurance against injuring property or person of third person as
indemnity or liability insurance, see annotation in 48 L. R. A. (N. S.),
184; 21 A. L. R., 769; 37 A. L. R., 644; 14 R. C. L., 1321; 4 R. C. L.
Supp., 960; 6 R. C. L. Supp., 883, et seq.

subscriber cannot recover until the amount of such damage has been paid by him. (Post, p. 130.)

Citing: Lumber Co. v. Insurance Co., 129 Tenn. (2 Thomp.), 477.

---

*Headnotes 1. Liability Insurance, 36 C. J., section 76; 2. Liability Insurance, 36 C. J., section 76.

---

## FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County.—Hon. W. B. GARVIN, Judge.

TATUM & TATUM, for complainant.

THOMPSON & BALLARD and ESTILL & SPURLOCK, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The complainant herein charged that she had recovered a judgment against defendant Gass for damages growing out of an automobile accident; that Gass had no property subject to execution; that he was insured by his codefendant Belt Automobile Indemnity Association, which was, by reason of its contract of insurance, indebted to Gass in the amount of the judgment, and it was sought to impound and subject this fund to the satisfaction of this judgment.

The Insurance Company answered denying all the allegations of the bill. Defendant Gass filed an answer and cross-bill admitting the allegations and setting up the policy of insurance. He charged that the attorneys of the Company, who had conducted the defense on the trial, after the verdict abandoned the case, on the theory that defendant Gass had been shown to have been drinking at the time of the accident, which fact he denied, and that the Company thus breached its contract to defend.

*(1)* Conceding that he had not paid and was unable to pay the judgment, defendant sought as cross-complainant to recover of the Insurance Company the amount of the judgment. The Chancellor sustained the demurrer of the Company to the cross-bill on the ground that the policy was one of indemnity against actual loss only, and that by the express terms of the contract no recovery could be had by the insured except for a sum shown to have been paid by him. Cross-complainant Gass has appealed.

The theory of appellant, plausibly presented, is that (1) the "no action clause" is inapplicable because the Company breached its contract to defend; and (2) eliminating this "no action clause" the contract is not limited to indemnity against loss actually sustained and paid, and, (3) the Company having breached its contract to defend was liable for the natural consequence of its breach, and the measure of damages was the amount of the judgmnet.

Authorities from other jurisdictions are relied on, but, without a review of them here, it is clear that those which appear to sustain the insistence of counsel for appellant are not in harmony with our own reported cases. The questions presented have been definitely ruled by this Court against the appellant in *Finley* v. *Casualty Company,* 113 Tenn., 592; *Cayard* v. *Robertson,* 123 Tenn., 382; *Brick Co.* v. *Surety Co.,* 126 Tenn., 402, and *Lumber Co.* v. *Insurance Co.,* 129 Tenn., 477. In the opinions in these cases will be found citations to authorities showing that the conclusions reached are well supported, and that the cases relied on by appellant take the decidedly minority view.

*(2)* The opinion in the leading case of *Finley* v. *Casualty Co., supra,* makes clear the distinction, applicable

156 Tenn.—9.

here, between "the effect of a policy which insures directly against liability, and one that insures against loss or damage by reason of liability." The language of the contract in the instant case is perhaps even more clearly that of indemnity against loss only, than that found in the contract considered in *Finley* v. *Casualty Co., supra.* There it read, "against loss from common-law or statutory liability for damages," etc. Here it reads, "against *actual* loss *sustained by subscriber* on account of legal liability *imposed upon him* on account," etc. The words italicized by us indicate a purpose to emphasize the restriction to indemnity only.

(3) Moreover, we do not think that the breach of the contract to defend can be held to preclude the Company from reliance on the "no action clause." The obligation to do that which it contracted to do, namely, indemnify, pay over to the insured, the amount of loss or expense actually paid by him after trial of the issue, is in no way impaired by the failure to defend. And certainly, as held in *Finley* v. *Casualty Company, supra,* when this express provision is in the contract, all doubt as to the intent of the policy contract is removed.

(4) And this reasoning applies equally to the insistence that recovery may be had for the amount of the judgment on the theory that this is the measure of damages. Whatever may be the measure of the insured's damages, he is not in position to recover under the policy until the amount has been paid. The holding of this Court in *Lumber Company* v. *Insurance,* at page 483, is directly in point.

It results that the decree of the Chancellor must be affirmed.