Fernando Vélez, demandante y apelante, v. Arsenio Martínez y The Independence Indemnity Co., demandados y apelados.

No. 5481.—*Sometido:* Mayo 28, 1931. *Resuelto:* Mayo 31, 1932.

*José Sabater,* abogado del apelante; *J. Henri Brown, C. Ruiz Nazario* y *G. E. González,* abogados de los apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Fernando Vélez demandó en 1925 a Arsenio Martínez y a la corporación Independence Indemnity Co. para que le pagasen cierta cantidad de dinero por las lesiones que sufrió mientras manejaba como *chauffeur* el automóvil del demandado Martínez en ocasión en que lo traía de Mayagüez para San Juan donde estaba el dueño del mismo.

No se alegó en la demanda acto, omisión o negligencia de parte del demandado Arsenio Martínez, productor de las lesiones por las que reclama el demandante. La causa de

acción contra la compañía aseguradora se fundó en la siguiente cláusula del contrato que tenía celebrado el demandado Martínez asegurando su automóvil, la que pasamos a copiar:

"En consideración del cargo adicional incluído en el premio total que se ha cobrado, es entendido que esta póliza, sujeta a sus cláusulas, condiciones y declaraciones, se amplía desde esta fecha en sentido de pagar cualquier pérdida por concepto de la responsabilidad impuesta por la ley al asegurado por daños y perjuicios con motivo de lesiones corporales, (incluso muerte en cualquier tiempo como resultado de tales lesiones) accidentalmente sufridas durante el período de la póliza por cualquier empleado o empleados del asegurado, como resultado de la posesión, mantenimiento o uso de cualquiera de los automóviles enumerados y descritos en el pliego de estipulaciones, excluyendo, sin embargo, los empleados cobijados por la ley de indemnizaciones a obreros de Puerto Rico."

Cada uno de los demandados formuló excepción previa contra la demanda enmendada por segunda vez por no aducir hechos determinantes de causa de acción y ambas fueron sostenidas por la corte de distrito la que después y a instancia del demandante dictó sentencia por la que declaró sin lugar la demanda en cuanto a los dos demandados; fallo que fué apelado por el demandante para ante este Tribunal Supremo. Esa sentencia fué confirmada por nosotros el 4 de junio de 1926. *Vélez* v. *Martínez,* 35 D.P.R. 552. El fundamento de la corte de distrito y de nuestra sentencia fué que la demanda no alegaba acto, omisión o negligencia del dueño del automóvil, y que entre el demandante y la corporación Independence Indemnity Company no existía nexo contractual alguno porque la cláusula citada no da al demandante ningún derecho de acción, ya contra la compañía o el principal; que el contrato de la compañía era para cubrir cualquier responsabilidad del dueño del automóvil y que sólo estaba obligada a compensar al dueño del automóvil por la obligación que tuviera para con sus empleados.

Seis días antes de ser dictada nuestra sentencia en esa

apelación, o sea el 29 de mayo de 1926, Fernando Vélez radicó otra demanda en la misma corte de distrito que la anterior pero solamente contra Arsenio Martínez, también en reclamación de daños y perjuicios por las referidas lesiones, y como consecuencia de una moción eliminatoria que sostuvo la corte de distrito el demandante enmendó su demanda contra Arsenio Martínez el 27 de abril de 1929 en la que se limitó a relacionar cómo ocurrió el accidente en que sufrió las lesiones por las cuales reclama, sin imputar al demandado Martínez acto, omisión o negligencia alguna. Algunos meses después, el 31 de octubre de 1929, el demandante presentó moción a la corte solicitando que le permitiera radicar la demanda enmendada que acompañaba a su solicitud; demanda enmendada que está dirigida contra Arsenio Martínez y que incluye también como demandada a la corporación Independence Indemnity Company, y que es igual a la que el demandante presentó contra los mismos demandados en el otro pleito que resolvimos en apelación. Se opuso el demandado Martínez a que esa demanda enmendada fuese admitida y la corte negó la pretensión del demandante, a cuya instancia dictó sentencia declarando sin lugar la demanda. La apelación contra esa sentencia es la que motiva el presente recurso.

Los dos motivos que tuvo la corte inferior para no admitir la demanda enmendada se alegan por el apelante ser erróneos, a saber, al declarar que la demanda enmendada no está autorizada por la sección 175 de la ley de seguros de esta isla, según fué enmendada por la Ley No. 19 de 15 de abril de 1929 (p. 161), y al declarar que la acción que pudiera tener el demandante contra la Independence Indemnity Company está prescrita de acuerdo con la ley.

■ ■ ■ La Ley No. 19 de abril de 1929 que enmendó la ley de seguros, en lo necesario ahora, dice así:

". . . Cuando el causante de los daños estuviere asegurado contra el accidente que produjo la pérdida o los daños y en el caso en

que una póliza de seguro se hubiere expedido para beneficiar a un tercero, la acción para reclamar la indemnización que proceda, podrá presentarse conjuntamente contra el asegurado y la compañía aseguradora.''

La compañía aseguradora se comprometió a pagar cualquier pérdida por concepto de la responsabilidad impuesta por la ley al asegurado por daños y perjuicios con motivo de lesiones corporales sufridas por cualquier empleado del asegurado, como resultado de la posesión, mantenimiento o uso del automóvil, pero no se comprometió a pagar a tal empleado cuando recibiera lesiones sin que por ellas tenga responsabilidad legal el dueño del mismo; y como en la demanda no se alega acto, omisión o negligencia del dueño del vehículo originarios de responsabilidad impuesta por la ley, resulta claro que no existe causa de acción contra ninguno de los dos demandados y por tanto la ley de 15 de abril de 1929 no confirió ni pudo conferir causa de acción a quien no la tenía. La compañía no se comprometió a pagar cualquier pérdida por lesiones a un empleado del asegurado, como dice el apelante, sino aquellas por las cuales tuviera responsabilidad por ley su asegurado. Lo que ha declarado esa ley es que cuando una tercera persona, que no intervino en el contrato de seguro, tenga acción para recobrar indemnización, podrá presentar conjuntamente la demanda contra el asegurado y la compañía, pero como en este caso la compañía se comprometió solamente a pagar en caso de responsabilidad de su asegurado, no tenía el demandante causa de acción contra ella y por consiguiente no está amparado por esa enmienda a la ley de seguros.

También dió la corte inferior como fundamento adicional de la resolución que originó la sentencia apelada que la acción ejercitada contra la Independence Indemnity Company está prescrita, que motiva el segundo motivo del recurso, pero no lo consideraremos en vista de la conclusión a que hemos

llegado en cuanto al primer motivo de la apelación y porque la prescripción de la acción puede ser renunciada y no ha sido alegada por la compañía aseguradora a la que favorecería.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.