GELABERT ET AL., DEMANDANTES Y APELADOS, *v.* SÁNCHEZ, DEMANDADO Y APELADO, Y GELABERT ET AL., INTERVENTORES-APELANTES.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre restitución de depósito voluntario.

No. 1754.—Resuelto en julio 26, 1918.

CONTRATOS—TERCEROS—ESTIPULACIONES EN SU FAVOR—CUMPLIMIENTO DE LAS MISMAS—CUÁNDO ES EXIGIBLE.—Los contratos sólo producen efecto entre las partes que los otorgan y sus herederos, mas cuando en ellos se consigna alguna estipulación en favor de un tercero, éste podrá exigir su cumplimiento siempre que hubiese hecho saber su aceptación al obligado antes de que haya sido aquélla revocada, lo que no hizo el tercero en el presente caso, razón por la cual debe desestimarse su demanda.

Los hechos están expresados en la opinión.
Abogado de los apelantes: Sr. *Antonio Suliveres.*

Abogados de los apelados: *Sres. Juan Z. Rodríguez, Luis Mercader* y *Félix Santoni.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Pedro J. Gelabert e Isabel María Borrás por medio de su abogado establecieron una demanda en la Corte de Distrito de Arecibo contra Angel Sánchez sobre restitución de depósito voluntario, basada en los siguientes hechos:

"I. Que los demandantes son vecinos de Alaró, Mallorca, Baleares, España, y el demandado es vecino de Arecibo, P. R.

"II. Que el demandante Pedro J. Gelabert, en un día del mes de diciembre de 1914, hallándose de paso en esta ciudad, con el objeto de vender una casa de la propiedad de su madre y poderdante, la doña Isabel María Borrás, vecina de la citada ciudad de Alaró, entregó en calidad de depósito privado a don Angel Sánchez, la suma de dos mil dollars para que los conservara colocándolos a renta del uno por ciento mensual, que remitiría todos los meses a doña Isabel María Borrás, dueña del dinero depositado por Gelabert, y para que cuando esta señora falleciera, los entregara como gracia a los nietos de ella, nombrados, Melchor, Ramón, Isabel y Joaquín Gelabert, hijos de Joaquín de dicho apellido; todo lo cual hecho y convenido, bajo la condición de que, al regresar el depositante Pedro J. Gelabert a Alaró, su domicilio, la expresada doña Isabel María Borrás, propietaria de los dos mil dollars, aprobara la donación o regalo, que de *motu propio* proponía Gelabert.

"III. Que como la dueña del dinero no aprobó lo realizado sin su consentimiento, por el depositante Pedro J. Gelabert, éste resolvió restituir a su poder el depósito hecho en manos de don Angel Sánchez, a quien hizo requerir al efecto negándose a devolver la cantidad dicho Sánchez, por atribuirle distinta forma al acto del citado depósito."

El demandado Sánchez contestó la demanda alegando que en efecto Gelabert le había entregado los dos mil pesos para que a su vez los entregara a la muerte de doña Isabel María Borrás a las personas indicadas, con la condición de que éstas terminaran un pleito que tenían establecido en Mallorca; que no había hecho la restitución porque Melchor Gelabert se había opuesto, y "deseando actuar de una ma-

nera justa y legal'' retenía el dinero hasta que la corte resolviera, poniéndolo a disposición de la corte.

Melchor, Ramón e Isabel Gelabert Rotger y Florentina Rotger Roig, esta última por su propio derecho y en representación de su hijo menor Joaquín Gelabert Rotger, con permiso de la corte intervinieron en el pleito alegando que el hecho de la entrega por Pedro Gelabert a Angel Sánchez de los dos mil pesos se debía a cierto contrato de transacción celebrado entre ellos y Gelabert con motivo de un pleito establecido en España en relación con la herencia de Ramón Gelabert Borrás, habiéndose comprometido Pedro Gelabert a entregar además a los interventores un pagaré por mil pesos. Los interventores alegan de igual modo que los dos mil pesos no debían entregarselos a la muerte de doña Isabel María Borrás, sino en cuanto ellos demostraran que la transacción había sido aprobada por el tribunal español, y en tal virtud pidieron a la corte que dictara sentencia condenando a los demandantes a entregar al demandado Sánchez el pagaré a que se refiere la demanda de intervención, debiendo Sánchez entregar a su vez a los interventores el pagaré y los dos mil pesos tan pronto como acreditaran que el Juzgado de Inca había aprobado la transacción referida en la expresada demanda de intervención.

En el acto de la vista se practicó una amplia prueba testifical y documental y sometido el pleito finalmente a la corte de distrito, ésta lo resolvió declarando con lugar la demanda y ordenando al demandado Sánchez que restituyera a los demandantes Gelabert y Borrás los dos mil pesos que le fueron entregados por Gelabert, sin especial condenación de costas. No conformes los interventores con esa sentencia, interpusieron el presente recurso de apelación. El demandado Sánchez no estableció recurso alguno.

Los apelantes señalan en su alegato la comisión de varios errores que imputan a la corte de distrito y los argumentan extensamente, pero a nuestro juicio no es necesario examinarlos todos. La cuestión, reducida a sus últimos límites,

queda circunscrita al estudio de las alegaciones y de las prue-
bas a la luz del artículo 1224 del Código Civil, que dice así:

"Los contratos sólo producen efecto entre las partes que los otor-
gan y sus herederos; salvo, en cuanto a éstos, el caso en que los
derechos y obligaciones que proceden del contrato no sean transmi-
sibles, o por su naturaleza, o por pacto, o por disposición de la ley.

"Si el contrato contuviere alguna estipulación en favor de un
tercero, éste podrá exigir su cumplimiento, siempre que hubiese hecho
saber su aceptación al obligado antes de que haya sido aquélla
revocada."

Comentando Manresa el artículo 1257 del Código Civil
Español, igual al 1224 del nuestro, se expresa como sigue:

"Hasta el momento de la aceptación puede variarse lo estipulado
y aún desistir de ello por el mutuo disenso de los verdaderos contra-
tantes; desde que aquélla se verifica, ya una tercera persona se
mezcla en la relación y adquiere un derecho que sin su consenti-
miento no puede modificarse ni extinguirse, adquiriendo también el
de defender, aun contra los otros interesados, la validez del con-
trato." 8 Manresa, Código Civil Español, 616.

En el contrato celebrado entre Gelabert y Sánchez por
virtud del cual el primero entregó al segundo la suma de dos
mil pesos no tomaron parte los interventores, pero es lo
cierto que se consignó algo que les favorecía. Gelabert de-
sea retirar la cantidad que entregó a Sánchez, esto es, de-
sistir de lo que intentó realizar. Sánchez en realidad de
verdad no se opone pero sabiendo que existen intereses en-
contrados, luchas de familia, pleitos, desea que una corte sea
la que resuelva el asunto. La cuestión decisiva es, pues, la
de si los interventores hicieron saber su aceptación al obli-
gado antes de que éste hubiera revocado la estipulación que
hizo en su favor.

Comprendiéndolo así los mismos apelantes dicen en su
alegato:

"De todo ello resulta: un contrato celebrado entre Pedro J.
Gelabert y Angel Sánchez, el que contiene una estipulación a favor
de los terceros Melchor Gelabert y sus hermanos, a quienes Sánchez

debe entregarles dos mil dollars luego de la muerte de otra persona y previa transacción de un pleito. Los terceros por medio de demanda y antes de revocarse la estipulación, dieron aviso a los obligados de que aceptaban la entrega del dinero y transacción referida, impugnando el término fijado para tal entrega; y luego de esto, el mismo contratante Pedro J. Gelabert y su madre la señora Borrás reclaman a Sánchez la devolución de la suma de dinero que éste recibió para en definitiva entregarlo a otra persona."

Examinemos la prueba. El demandado Sánchez declaró en el acto del juicio bajo juramento así:

"Que antes de demandar Melchor Gelabert y otros, doña Mariana D'Elías le había requerido para que devolviera los dos mil pesos, a nombre de Pedro Gelabert, y que no recuerda si fué a nombre de otra persona más. Le entregó una carta para que entregara dicha suma.

"Que no se hizo constar eso en documento, no, señor, no se hizo documento.

"Que don Juan Zacarías Rodríguez fué donde él para que entregase dicha suma, y él le dijo, que no podía entregar dicha suma, porque sabía Melchor Gelabert que al embarcarse don Pedro Gelabert le había dejado los dos mil pesos para ellos. Que ese don Juan Zacarías Rodríguez es el notario don Juan Zacarías Rodríguez."

El testimonio de Sánchez está en contra de lo que afirman los apelantes en su alegato. Aunque pudiera tomarse como aceptación la interposición de la demanda que con autoridad a la intervención establecieron los interventores, cosa que no resolvemos, siempre resultaría que la actuación de Pedro Gelabert e Isabel María Borrás por medio de Mariana D'Elías, esposa de Gelabert, que vino expresamente de Las Baleares a Puerto Rico, para ello, según consta de las pruebas, fué antes de la alegada aceptación.

Siendo esto así, es bien claro que los interventores no tienen derecho alguno para oponerse a que Sánchez devuelva a Gelabert los dos mil pesos que éste le entregara.

La relación contractual quedó circunscrita a Gelabert y a Sánchez. No llegó a extenderse a los interventores.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.