Sucesión Orcasitas, Demandante y Apelada, *v.* A. M. Somoza & Ca., Demandada-Apelante y Orcasitas, Interventora y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre entrega de cantidad.

No. 2520.—Resuelto en marzo 15, 1923.

Mandato—Revocación de Mandato—Déposito Voluntario.—En este caso la prueba demuestra que como consecuencia del testamento de José Orcasitas Ortiz en que reconoció deber en 1896 a su hermano José Ramón Orcatas Ortiz 1,500 pesos y dispuso que le fueran pagados si no había solventado esa deuda antes de su muerte, que ocurrió tres años después, sus herederos, que eran socios de Sucesores de Orcasitas y Compañía, dieron instrucciones a esta sociedad para que del dinero que en ella tenían separasen 900 dólares, equivalencia de la cantidad que su causante reconoció deber, y que de acuerdo con esas instrucciones se hizo un asiento en los libros: *se resolvió:* que tales instrucciones y actos revisten el carácter de un mandato de hacer un fondo especial con ese dinero, sin la intención manifiesta por parte de los mandantes Sucesión de José Orcasitas de desprenderse de la propiedad del dinero; mandato que podía revocar y revocó dicha sucesión de acuerdo con el artículo 1635 del Código Civil, por lo que los herederos de José Ramón Orcasitas no tienen causa de acción para reclamar de Sucesores de Orcasitas y Compañía el importe de la suma objeto del expresado mandato.

Los hechos están expresados en la opinión.

Abogados de las apelantes: *Sres. Soto Gras & Siaca.*

Abogados de la apelada: *Sres. E. López Tizol* y *L. Feliú.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Los herederos de José Ramón Orcasitas Ortiz demandaron a la sociedad mercantil A. M. Somoza y Compañía para que le entregaran cierta cantidad de dinero con sus intereses, alegando substancialmente que dicha mercantil es la liquidadora y continuadora de otra sociedad nombrada Sucesores de Orcasitas y Compañía a la cual Josefa Orcasitas Delgado entregó hacia el año 1899 la cantidad de 1,500 pesos provinciales equivalentes a 900 dólares, a la orden de José Ramón Orcasitas, como debidos por su padre; que José Ramón Orcasitas Ortiz la aceptó y convino con la expresada sociedad en que continuara con ella devengando intereses del 6% anual,

los que serían capitalizados y se acumularía en el balance anual de la sociedad; que habiendo girado los demandantes a cuenta de dicha cantidad contra A. M. Zomoza y Compañía, se negó a aceptar el giro, no obstante estar dispuesta a pagar toda la cantidad contra la carta de pago correspondiente, y que dicha cantidad y sus intereses no ha sido entregada en todo ni en parte por la demandada a José Ramón Orcasitas Ortiz ni a sus herederos, a pesar de las gestiones practicadas con tal objeto.

Se opuso A. M. Somoza y Compañía a la demanda e in- tervino en el pleito Josefa Orcasitas Delgado oponiéndose también a ella, y celebrado el juicio recayó sentencia conde- nando a la mercantil A. M. Somoza y Compañía a pagar a los demandantes las cantidades que se le reclaman con la mi- tad de las costas, y condenando al pago de la otra mitad de costas a su interventora Josefa Orcasitas Delgado, contra cuya sentencia interpusieron las partes condenadas por ella el presente recurso de apelación.

Aunque en el alegato conjunto que nos han presentado los apelantes se alegan varios motivos de error en apoyo de sus recursos, nos bastará considerar el segundo, porque es la cuestión fundamental en este litigio que resuelve la con- tienda entre las partes.

Se funda ese segundo motivo en que el tribunal inferior cometió error al estimar que la prueba es bastante para dic- tar sentencia a favor de los demandantes. Para considerar el error alegado expondremos solamente aquellos hechos de la prueba que sean necesarios para resolverlo.

Casiano Orcasitas Ortiz tenía una sociedad mercantil con su hermano José, de iguales apellidos, cuando murió en enero de 1878, siendo soltero, y con testamento que otorgó en diciembre del año anterior en el que instituyó por here- deros voluntarios suyos a su hermano José en cuanto a una mitad de su bienes y a sus otros tres hermanos Pedro, José Ramón y Teresa en la otra mitad. Sus bienes consistían en

su participación en la sociedad mercantil, y liquidada la sociedad y practicada la partición y adjudicación de los bienes hereditarios en el mes de enero de 1881 por su albacea José Orcasitas Ortiz y por su otro hermano Pedro, correspondió al heredero José Ramón Orcasitas Ortiz la cantidad en dinero de $3,924.45. José Orcasitas Ortiz otorgó testamento en 1896 en el que declaró adeudar a su hermano José Ramón la cantidad de $1,500 y dispuso que se le pagasen, si antes de su fallecimiento no hubiera solventado esa deuda. Esa cantidad era el resto de los $3,924.45 que a su dicho hermano habían correspondido en la herencia de Casiano Orcasitas Ortiz. José Orcasitas falleció en 1899, tres años después de haber otorgado ese testamento bajo el cual murió, y habiendo ordenado su heredera Josefa Orcasitas Delgado por sí y por su hermano Antonio a la mercantil Sucesores de Orcasitas y Compañía que del dinero que en ella tenían separase y consignara a nombre de José Ramón Orcasitas Ortiz la cantidad de 900 dólares, equivalentes de los $1,500 reconocidos por su padre en su testamento, dicha mercantil practicó en sus libros, el 28 de febrero de 1901, un asiento por esa cantidad a favor de dicho José Ramón Orcasitas Ortiz; asiento que fué cancelado el 30 de abril de 1914 por la mercantil A. M. Somoza y Compañía, continuadora de la anterior sociedad, abonando y entregando otra vez dicha cantidad a Josefa Orcasitas Delgado, heredera también de su hermano Antonio, en virtud de orden de ella recibida en tal sentido. Entonces los 900 dólares ascendieron a $1796.37 por el abono de intereses que se le había ido haciendo por la mercantil. En cuanto al abono de intereses resulta de la declaración de Casiano Orcasitas Ruiz, uno de los demandantes, que sabiendo como dependiente de Sucesores de Orcasitas y Compañía por el año 1901 o 1902 que en los libros estaba ese dinero a favor de su padre José Ramón Orcasitas y Ortiz y que no le abonaban intereses, manifestó a Bernardino Gil de Abascar, esposo de Josefa Ortiz Delgado y socio gestor de

dicha mercantil, que si no se abonaban intereses a ese dinero lo sacaría de la casa, y fueron abonados hasta el año 1913, en cuya fecha dejó de ser empleado de la casa. También declaró que en 1913 expidió un recibo contra A. M. Somoza y Compañía por $500 pero no fué pagado y que nunca ha sido satisfecha a su padre ni a su sucesión los $900 ni sus intereses. En las repreguntas contestó que nunca recibió de Sucesores de Orcasitas y Ca. ni a A. M. Somoza y Ca. notificación escrita sobre el depósito de ese dinero, y que nunca fué aceptado por escrito pero lo hizo de palabras cuando reclamó el abono de intereses.

El testigo Antonio M. Somoza, presentado por los demandantes, declaró que se dieron instrucciones a Sucesores de Orcasitas y Compañía por Josefa y Antonio Orcasitas, socios de la casa y herederos de José Orcasitas Ortiz de consignar $900 a favor de José Ramón Orcasitas Ortiz; que la casa de Sucesores de Orcasitas y Compañía y luego la suya de A. M. Somoza y Compañía abonaron intereses a esa cantidad para evitar rencillas de familia entre la Sucesión de José Orcasitas y la de José Ramón Orcasitas, por indicación de su socio Bernardino Gil Abascar, quien no le manifestó que le hubieran sido reclamados y que hubiera pagado dicha cantidad a José Ramón Orcasitas o a su sucesión o a quien le otorgara carta de pago.

Los herederos de José Ramón Orcasitas Ortiz, muerto en 1911, demandaron en 1914 a Josefa Orcasitas Delgado por sí y como heredera de su hermano Antonio, para que se declarase que es nula la partición de los bienes de Casiano Orcasitas Ortiz practicada por su albacea José Orcasitas Ortiz y por su hermano Pedro, de iguales apellidos, en el año 1881, en la que resultó corresponder a José Ramón Orcasitas Ortiz la cantidad de $3,924.45, pleito que terminó por sentencia de 10 de mayo de 1915 contraria a los demandantes, cuya apelación fué desestimada por este Tribunal Supremo el 23 de

marzo de 1916.   Entonces, el 20 de junio de este año fué radicado el presente pleito.

Según entendemos, la demanda, la reclamación contra A. M. Somoza y Compañía se funda en que sabiendo el padre de los demandantes que la Sucesión de José Orcasitas entregó a Sucesores de Orcasitas y Compañía 900 dólares, que José Orcasitas reconoció deber en su testamento a José Ramón Orcasitas, para tenerlos a la orden de éste, el causante de los demandantes aceptó esa cantidad en 1901 o 1902, pero por convenio con dicha mercantil la dejó en poder de ésta a su disposición con abono de intereses, dinero que tiene la demandada como continuadora de Sucesores de Orcasitas y Compañía.   En otras palabras, que desde 1901 o 1902 José Ramón Orcasitas aceptó ese dinero y se dió por pagado de dicha cantidad como saldo de lo que era en deberle su hermano José y que desde entonces es suya tal cantidad con sus intereses y debe serle pagada cuando la reclame.

La apreciación que hacemos de la prueba que hemos expuesto no demuestra los hechos en que se funda la demandada, porque no aparece de ella que José Ramón Orcasitas aceptara dicha cantidad ni que conviniera con Sucesores de Orcasitas y Compañía en dejarla en su poder abonándole intereses; pues la declaración de Casiano Orcasitas Ruiz, uno de los demandantes, se refirió únicamente a que pidió el abono de intereses a Bernardino Gil de Abascar, esposo de Josefa Orcasitas y socio de dicha mercantil, pero fué contradicha no sólo por Antonio M. Somoza sino principalmente por sus propios actos y los de los otros demandantes pues mal podían haber aceptado los 900 dólares como resto de lo que correspondió a su padre en la partición de los bienes de Casiano Orcasitas cuando desde 1914 a 1916 impugnaron judicialmente dicha partición de bienes.

Lo que demuestra la prueba es que como consecuencia del testamento de José Orcasitas Ortiz en que reconoció deber en 1896 a su hermano José Ramón Orcasitas Ortiz 1,500

pesos y dispuso que le fueran pagados si no había solventado esa deuda antes de su muerte, que ocurrió tres años después, sus herederos, que eran socios de Sucesores de Orcasitas y Compañía, dieron instrucciones a esta sociedad para que del dinero que en ella tenían separasen 900 dólares, equivalencia de la cantidad que su causante reconoció deber, y que de acuerdo con esas instruciones se hizo un asiento en los libros, pero tales instrucciones y actos revisten el carácter de un mandato de hacer un fondo especial con ese dinero, sin la intención manifiesta por parte de los mandantes Sucesión de José Orcasitas de desprenderse de la propiedad del dinero; mandato que podía revocar y revocó dicha sucesión de acuerdo con el artículo 1635 del Código Civil.

Pero aunque pudiera considerarse como un depósito voluntario a favor de tercera persona siempre resultaría que el depositante tenía derecho a que se le restituyera el depósito, como por su petición le fué restituído en 1914, por no haberse probado oposición de José Ramón Orcasitas a la devolución.

No pueden los hechos ocurridos considerarse como comprendidos en el artículo 1224 del Código Civil referente a que cuando un contrato contuviere estipulación a favor de un tercero, éste podrá exigir su cumplimiento, siempre que hubiese hecho saber su aceptación al obligado antes de que haya sido aquélla revocada, porque entre Josefa Orcasitas y Sucesores de Orcasitas y Compañía no existió un contrato ni existió estipulación a favor de José Ramón Orcasitas y porque en todo caso no se ha probado que éste hubiese hecho saber aceptación alguna a dicha mercantil, por lo que Josefa Orcasitas pudo dejar sin efecto, como lo hizo, la orden que había dado a dicha mercantil, según se ha resuelto en el caso de *Gelabert* v. *Sánchez*, 26 D. P. R. 656.

Por todo lo expuesto no tiene obligación A. M. Somoza y Compañía de entregar la cantidad que se le reclama y a cuyo pago fué condenada, ni tiene responsabilidad la inter-

ventora Josefa Orcasitas Delgado por haberse opuesto a la demanda, y debe revocarse en todas sus partes la sentencia apelada y dictarse otra declarando sin lugar la demanda, sin especial condena de costas.

*Revocada la sentencia apelada y declarada sin lugar la demanda, sin costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no tomó parte en la resolución de este caso.