José D. CASTILLO, demandante y apelante, *v.* CARIBBEAN
CASUALTY Co., demandada y apelada.

No. 4139.—*Visto:* Mayo 5, 1927.   *Resuelto:* Julio 30, 1927.

SEGUROS—DEL CONTRATO EN GENERAL—SU INTERPRETACIÓN Y EFECTO *(Operation)*
—PARTES CONTRATANTES—EN GENERAL.—Una demanda contra una compañía
aseguradora para el pago de una sentencia obtenida contra el *chauffeur* de
un carro asegurado contra accidentes en acción en que no se hizo parte al
dueño del carro ni a dicha compañía, no aduce causa de acción contra ésta.

SENTENCIA de *Domingo Sepúlveda, J.* (San Juan), desestimando la
demanda, con costas.   *Confirmada.*

*Pascasio Fajardo Martínez,* abogado del apelante; *Jaime Sifre Jr.,*
*Horacio Franceschi* y *Diego O. Marrero,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

José D. Castillo demandó a Edgar Martínez y obtuvo
una sentencia condenándolo a pagarle mil quinientos dóla-
res como indemnización por los daños y perjuicios que con
el automóvil que guiaba le causó el 14 de marzo de 1924.

El automóvil pertenecía a Juan del Carmen Sosa quien
lo tenía asegurado con la Caribbean Casualty Company con-
tra accidentes.   Ni el dueño del auto, ni la compañía asegu-
radora fueron demandados en el pleito contra Martínez.
Es ahora, después de obtenida la sentencia, que dicho sea
de paso se obtuvo en rebeldía del demandado, que se de-
manda a la Caribbean Casualty Co. para que pague el im-
porte de la sentencia.   El dueño del auto tampoco ha sido
demandado en este segundo pleito.

La Caribbean Casualty Company alegó que la demanda
no aducía hechos suficientes para determinar una causa de
acción y la corte después de oir a las partes interesadas de-
claró la excepción con lugar y dictó sentencia desestimando
la demanda con las costas al demandante.

No conforme éste, apeló, presentando un largo alegato
que no contiene un verdadero señalamiento de error y que
cita un gran número de casos que se refieren a situaciones
jurídicas distintas a la que surge de los hechos alegados en

la demanda. La demandada también presentó un largo alegato lleno de citas en apoyo de su contención.

El caso es enteramente simple. Lo complican las partes. No cabe dictar sentencia en contra de la demandada porque no existe relación contractual alguna entre ella y el demandante. Es cierto que la materia del seguro fueron los accidentes que pudieron causarse con el automóvil de que se trata, pero el seguro lo hizo el dueño con la compañía para que ésta respondiera por él. Aquí no se demandó primitivamente al dueño ni se dictó sentencia contra él de que deba responder la compañía aseguradora. No importa que Martínez fuera el *chauffeur* de Sosa, pues se le demandó personalmente y únicamente contra él se dictó sentencia. Sosa no tuvo oportunidad de defenderse ni la compañía de defenderlo para defenderse a sí misma. Castillo escogió como único responsable a Martínez y Martínez no estaba protegido por la póliza de la Caribbean. La póliza protegía a Sosa de las responsabilidades en que éste pudiera incurrir por accidentes causados por su automóvil. Y aquí, repetimos, no se ha demostrado responsabilidad alguna por parte de Sosa. Es incomprensible en verdad que la demanda se entablara sólo contra Martínez si es que Martínez era el *chauffeur* de Sosa y actuaba dentro del radio de su empleo. Sólo se explica que de tal modo se siguiera el primer pleito, teniendo en mente el segundo, no yendo el dueño en el auto cuando ocurrió el accidente, intentándose así eludir que se aplicara la ley y la repetida jurisprudencia de esta Corte Suprema sobre el particular, liberándose de responsabilidad al dueño y por consiguiente a la compañía aseguradora. Se quiso llegar a ésta saltando por encima del dueño, basándose en una sentencia obtenida contra su *chauffeur*, pero tal procedimiento no encuentra apoyo en la ley, ni en la jurisprudencia. Los contratos, dice el artículo 1224 del Código Civil sólo producen efecto entre las partes que los otorgan y sus herederos.

Sólo cuando el contrato contuviere alguna estipulación

en favor de un tercero, es que éste puede exigir su cumplimiento, y aún entonces, según el mismo precepto legal citado, siempre que el tercero hubiere hecho saber su aceptación al obligado antes de que haya sido aquélla revocada. En este caso no había estipulación alguna expresa a favor del demandante, ni implícita a menos que se hubiera demandado a Sosa. Martínez sin Sosa, o sea el *chauffeur* independientemente del dueño, no está relacionado legalmente con la compañía. Tampoco el auto sin el dueño.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.