René Aguilú Emmanuelli, demandante y recurrido, *v.* Sociedad de Gananciales de Abraham Ortíz Mercado y su esposa Carmen Marrero, demandada y peticionaria.

*Número:* O-77-358     *Resuelto:* 19 de diciembre de 1977

*José A. Torres* y *José R. Ortiz,* abogados de la peticionaria; *Enrique Corchado Juarbe,* abogado del recurrido.

El Juez Asociado Señor Dávila emitió la opinión del Tribunal.

René Aguilú convino verbalmente con Abraham Ortiz venderle una finca rústica. Aguilú requirió de Ortiz le informara la fecha en que estaría disponible para la firma de la escritura de compraventa. Cuando la esposa de Ortiz, Carmen Marrero, fue enterada de la transacción, notificó al abogado de Aguilú que estaba en total desacuerdo con la compra de la finca y que nunca había sido consultada ni había prestado su consentimiento para la transacción.

Ante la negativa de la Sra. Marrero, Aguilú presentó demanda contra la sociedad de gananciales solicitando al tribunal le ordenara formalizar el contrato de compraventa. Posteriormente solicitó sentencia sumaria. Basa su conten-

ción en que la compraventa es un acto de administración que cualquiera de los cónyuges puede llevar a cabo válidamente por cuenta de la sociedad de gananciales. La sociedad demandada se opuso y solicitó también sentencia sumaria a su favor fundándose en que la esposa no había prestado su consentimiento a la transacción, haciendo la misma nula e ineficaz.

El Tribunal Superior, Sala de Aibonito, Pérez Cruz, Juez, declaró sin lugar ambas mociones de sentencia sumaria "por entender que como cuestión de derecho existen controversias de hecho materiales que impiden su procedencia conforme a la Regla 36.4 de Procedimiento Civil vigente." La sociedad demandada solicitó revisáramos esta resolución. Habiendo radicado memorandos ambas partes estamos en condiciones de resolver.

Estudiado el expediente surge que no hay controversia en cuanto al hecho esencial necesario para la solución de la cuestión de derecho planteada por la moción de sentencia sumaria radicada por la parte demandada: la esposa del demandado no dio su consentimiento para realizar la transacción.

Procede pues determinar si a la luz de las enmiendas introducidas a los Arts. 91, 93, 1308 y 1313 del Código Civil (¹)

---

(¹) Así rezan dichos artículos:
"Artículo 91.—Administrador de bienes conyugales.—

"Ambos cónyuges serán los administradores de los bienes de la sociedad conyugal, salvo estipulación en contrario, en cuyo caso uno de los cónyuges otorgará mandato para que el otro actúe como administrador de la sociedad.

"Las compras que con dichos bienes haga cualquiera de los cónyuges serán válidas cuando se refieran a cosas destinadas al uso de la familia o personales de acuerdo con la posición social y económica de ésta. Disponiéndose que cualquiera de los cónyuges podrá efectuar dichas compras en efectivo o a crédito.

"Enajenación de bienes.—Los bienes inmuebles de la sociedad conyugal no podrán ser enajenados o gravados, bajo pena de nulidad, sino mediante el consentimiento escrito de ambos cónyuges. Nada de lo antes dispuesto se interpretará a los efectos de limitar la libertad de los futuros cónyuges de otorgar capitulaciones matrimoniales."
"Artículo 93.—Representante de la sociedad conyugal.—

por la Ley Núm. 51 de 21 de mayo de 1976, la transacción objeto de este recurso es un acto de administración que puede llevarse a cabo unilateralmente por cualquiera de los cónyuges con cargo a la sociedad de gananciales o si constituye un acto de disposición que requiere para su validez y eficacia contractual el consentimiento escrito de ambos cónyuges.

A tenor con el desarrollo moderno hacia la igualdad de los derechos del hombre y la mujer "[h]a surgido un nuevo

"Salvo lo dispuesto en el Artículo 91, cualquiera de los cónyuges podrá representar legalmente a la sociedad conyugal. Cualquier acto de administración unilateral de uno de los cónyuges obligará a la sociedad legal de gananciales y se presumirá válido a todos los efectos legales."

"Artículo 1308.—Obligaciones a cargo de la sociedad de gananciales.—

"Serán de cargo de la sociedad de gananciales:

1. Todas las deudas y obligaciones contraídas durante el matrimonio por cualquiera de los cónyuges.

2. Los atrasos o créditos devengados durante el matrimonio, de las obligaciones a que estuviesen afectos así los bienes propios de los cónyuges como los gananciales.

3. Las reparaciones menores o de mera conservación hechas durante el matrimonio en los bienes peculiares de cualquiera de los cónyuges. Las reparaciones mayores no serán de cargo de la sociedad.

4. Las reparaciones mayores o menores de los bienes gananciales.

5. El sostenimiento de la familia y la educación de los hijos comunes y de cualquiera de los cónyuges.

6. Los préstamos personales en que incurra cualquiera de los cónyuges."

"Artículo 1313.—Consentimiento de ambos esposos.—

"No obstante lo dispuesto en el Artículo 91, ninguno de los dos podrá donar, enajenar, ni obligar a título oneroso, los bienes muebles e inmuebles de la sociedad de gananciales, sin el consentimiento escrito del otro cónyuge, excepto las cosas destinadas al uso de la familia o personales de acuerdo con la posición social o económica de ambos cónyuges.

"Todo acto de disposición o administración que sobre dichos bienes haga cualquiera de los cónyuges en contravención a este artículo, y los demás dispuestos en este Código, no perjudicará al otro cónyuge ni a sus herederos.

"El cónyuge que se dedicare al comercio, industria, o profesión podrá adquirir o disponer de los bienes muebles dedicados a esos fines, por justa causa, sin el consentimiento del otro cónyuge. No obstante, será responsable por los daños y perjuicios que pudiere ocasionar por dichos actos a la sociedad legal de gananciales. Esta acción se ejercitará exclusivamente en el momento de la disolución de la sociedad legal de gananciales."

estado de legislación sustantiva . . . , que erige a la mujer a una posición de igualdad respecto al gobierno y disposición de los bienes gananciales y representación legal de su interés . . . ." *L. Dershowitz & Co.* v. *Registrador*, 105 D.P.R. 267 (1976).

Establece el Art. 91, según enmendado por la Ley Núm. 51 de 21 de mayo de 1976, 31 L.P.R.A. sec. 284, suplemento para 1977, que "Ambos cónyuges serán los administradores de los bienes de la sociedad conyugal, salvo pacto en contrario, en cuyo caso uno de los cónyuges otorgará mandato para que el otro actúe como administrador de la sociedad." Se limita la facultad de ambos cónyuges a comprar con los bienes gananciales solamente aquellas "cosas destinadas al uso de la familia o personales de acuerdo con la posición social y económica de ésta." De suerte que para adquirir bienes para la sociedad se necesita el consentimiento de ambos cónyuges. Además postula una prohibición clara a su enajenación o gravamen bajo pena de nulidad a menos que se obtenga para su disposición el consentimiento escrito de los dos cónyuges.

El Art. 1313 del mismo cuerpo legal, según fue enmendado, 31 L.P.R.A. sec. 3672, suplemento para 1977, también reitera el principio de la coadministración y la protección de ambos integrantes de la sociedad al expresar que no obstante lo dispuesto en el Art. 91 (al efecto de que ambos cónyuges serán administradores de la sociedad de gananciales) ". . . ninguno de los dos podrá donar, enajenar, ni obligar a título oneroso, los bienes muebles e inmuebles de la sociedad de gananciales, sin el consentimiento escrito del otro cónyuge, excepto las cosas destinadas al uso de la familia o personales de acuerdo con la posición social o económica de ambos cónyuges."

Es evidente que a través de esta legislación se equiparan las facultades administrativas que sobre los bienes gananciales tienen los cónyuges. En la esfera dispositiva se han

equiparado los derechos de la mujer con los del hombre refrenando el poder casi ilimitado de que gozaba el marido como administrador de la sociedad de gananciales. Ahora son actos de disposición tanto la compra como la venta de bienes inmuebles para los cuales se requiere el consentimiento por escrito de ambos cónyuges.

El Segundo Informe emitido por la Comisión de lo Jurídico Civil a la Cámara de Representantes al analizar el P. de la C. Núm. 44, que se convirtió en la Ley Núm. 51, expresa en cuanto a los actos de disposición:

"La medida dispone la *necesidad del consentimiento mutuo de los cónyuges para adquirir* y enajenar todos los bienes de la sociedad legal tanto inmuebles, como los muebles, salvo las excepciones que se hacen para ciertos casos de bienes muebles." (Énfasis nuestro.)

Mal se llevaría a cabo la filosofía moderna de igualdad si so color de llamarse acto de administración se dejara a cualquiera de los cónyuges adquirir bienes inmuebles para la sociedad a riesgo de dilapidar el capital ganancial. Es evidente que era necesario el consentimiento de la esposa para la compra de la finca.

*Se expedirá el auto solicitado, se anulará la resolución del Tribunal Superior, Sala de Aibonito en cuanto declaró sin lugar la moción de sentencia sumaria de la demandada y se dictará sentencia sumaria declarando sin lugar la demanda.*

El Juez Asociado Señor Rigau no intervino.