Per Curiam

TEXTO COMPLETO DE LA RESOLUCION
Royal Insurance Company of Puerto Rico, Inc. ("Royal"), recurre ante este Foro para revisar una resolución emitida por el Tribunal de Primera Instancia el 20 de febrero de 1996, archivada en autos y notificada el 22 de febrero del corriente. Mediante la misma, el tribunal recurrido declaró sin lugar una moción de desestimación por prescripción, presentada por Royal, sobre la causa de acción de la Sociedad de Gananciales, compuesta por los recurridos, Dr. Jorge R. Rodríguez Pagán y su esposa, Sra. Carmen Saénz Pérez.
Señala Royal, que erró el tribunal recurrido al permitir una enmienda a la demanda para incluir como parte a la Sociedad de Gananciales Rodríguez-Saénz, estando prescrita su causa de acción.
Considerados los argumentos presentados por las partes, así como el derecho y la jurisprudencia aplicable, procedemos a denegar el auto de certiorari. Veamos.
I
Los hechos y circunstancias procesales que dan lugar a la resolución recurrida del Tribunal de Primera Instancia, no están en controversia.
El 3 de mayo de 1994 el recurrido, Dr. Jorge R. Rodríguez Pagán, presentó una demanda en la que reclamó daños y perjuicios por un accidente de automóvil ocurrido el 22 de abril de 1994. En esa ocasión, no reclamó daños económicos por concepto de lucro cesante. La parte demandada, aquí peticionaria Royal, contestó la demanda, negando la responsabilidad de su cliente por el accidente ocurrido.
*739 El 8 de marzo de 1995, el Dr. Rodríguez Pagán enmendó la demanda original y reclamó específicamente una partida de ingresos por concepto de lucro cesante, ascendente a la suma de $168,960.36. La Sociedad de Gananciales constituida por el Dr. Rodríguez Pagán y su cónyuge, no fue incluida como demandante adicional. La demanda enmendada fue presentada dentro del término prescriptivo de un año, según establecido en el Art. 1868 del Código Civil, 31 L.P.R.A. see. 5298.
El 4 de octubre de 1995, el Dr. Rodríguez Pagán presentó Moción Solicitando Permiso para Someter Nueva Demanda Enmendada, de conformidad con la Regla 13.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. ni, R. 13.1. El propósito de dicha enmienda era incluir como parte demandante a la Sociedad de Gananciales, en adición, de presentar una nueva causa de acción a favor de la Sra. Saénz Pérez, por los daños alegadamente sufridos por ella, como consecuencia del accidente de su esposo. El 16 de octubre de 1995, Royal se opuso a la enmienda de la demanda y solicitó, además, que se desestimase las causas de acción de la Sociedad de Gananciales y de la Sra. Saénz Pérez, por estar prescritas las mismas.
El 6 de noviembre de 1995, el tribunal recurrido dictó una resolución permitiendo la enmienda a la demanda. También, acogió la moción en oposición de Royal, como una solicitud para desestimar por prescripción, concediendo un término a las partes demandantes, aquí recurridas, para que mostrasen causa por la cual no debía desestimarse la "nueva causa de acción por prescripción". El tribunal señaló una vista para discutir la controversia surgida.
Luego de que los recurridos presentaran su escrito en cumplimiento a la anterior resolución, y celebrada la vista de argumentación ante el tribunal recurrido, éste emitió resolución declarando sin lugar la moción de desestimación presentada por Royal. De esta resolución es que recurre Royal ante nos, señalando que el Tribunal de Primera Instancia erró al permitir una enmienda a la demanda para incluir como parte a la Sociedad de Gananciales Rodríguez-Saénz, aduciendo que su causa de acción estaba prescrita.
n
El tribunal recurrido definió la controversia de la siguiente forma: "¿Puede la demanda de un cónyuge por sí sólo interrumpir la prescripción de las acciones que corresponden a la Sociedad Legal de Gananciales?" A ello le añadimos, para precisar aún más la controversia, si la demanda enmendada presentada el 8 de marzo de 1995 por el Dr. Rodríguez Pagán, donde reclamó por primera vez la partida de lucro cesante, derecho que le correspondía a la Sociedad de Gananciales, interrumpió o no el término prescriptivo aplicable a la causa de acción de ésta.
Para contestar lo anterior, basta referirnos al caso de Urbino v. San Juan Racing Assoc., Inc., 141 D.P.R. _ (1996), 96 J.T.S. 98, donde nuestro Tribunal Supremo resolvió una situación similar a la que nos ocupa. En dicho caso, se reconoció que uno de los cónyuges tenía capacidad para instar la acción sobre lucro cesante perteneciente a la Sociedad de Gananciales. Señala el Tribunal Supremo, ante el planteamiento de que la reclamación y compensación (lucro cesante) pertenecía a la sociedad de gananciales, lo siguiente:
"... El planteamiento ignora el verdadero alcance de la Ley Núm. 51 de 21 de mayo de 1976, enmendatoria de los Arts. 91 y 93 del Código Civil. Esta dispuso que, salvo estipulación en contrario, "[a]mbos cónyuges serán los administradores de los bienes de la sociedad conyugal". 31 L.P.R.A. see. 284. Por su parte, la enmienda al Art. 93 expresamente estableció, como regla general, que cualquiera de los cónyuges podrá representar legalmente a la sociedad conyugal. Cualquier acto de administración unilateral de uno de los cónyuges obligará a la sociedad legal de gananciales y se presumirá válido a todos los efectos legales." (31 L.P.R.A. see. 286).
Con estas enmiendas, la Asamblea Legislativa equiparó la facultad de ambos cónyuges para administrar la Sociedad Legal de Gananciales e incorporó el principio de co-administración y representación legal. Aguilú v. ’ Sociedad de Gananciales, 106 D.P.R. 652 (1977). Desde entonces, individualmente, tanto el esposo como la esposa, tienen capacidad de jure para representar a la sociedad de gananciales en los tribunales.
Ciertamente, la mejor práctica en acciones donde se reclaman y protegen intereses gananciales es incluir a *740 ambos cónyuges y mencionar (hacer parte) a la Sociedad de Gananciales. Sin embargo, al fin del próximo siglo, la igualdad jurídica entre los cónyuges, el principio de co-administración y la capacidad legal representativa —según las enmiendas del 1976— requieren reconocer plenamente, que un cónyuge tiene la capacidad legal necesaria para reclamar daños gananciales sin tener que incluir o mencionar en la demanda la Sociedad de Gananciales y al otro cónyuge." (Enfasis en original.)
Más adelante, en el referido caso nos dice el Tribunal Supremo:
"... Esa es la situación de autos. Aunque no se alegó que la reclamación era en nombre de la Sociedad Ganancial, desde una etapa temprana del proceso, el descubrimiento de prueba reveló a las demandadas, San Juan Racing y American, que el estado civil del Sr. Urbino era de casado y los daños, gananciales. Pidieron la desestimación mediante sentencia sumaria. En su apoyo acompañaron, como prueba, las contestaciones 1(e) y 2 del primer pliego de interrogatorios y copia parcial de la deposición al Sr. Urbino. Aún así, el ilustrado foro de instancia, la denegó. Con motivo de ese planteamiento, la prueba sometida demostró concluyentemente que la acción era en reclamación de unos daños gananciales. Así debió concluirlo dicho foro, aun cuando se negó a desestimar sumariamente. A tono con el mandato de la Regla 36.4 de Procedimiento Civil, in fine, debió especificar "los hechos sobre los cuales no hay controversia sustancial... y que en el juicio, se considerarán probados...a saber, la naturalaza de la reclamación....".
Cabe señalar que al igual que sucede en el caso de autos, en Urbino v. San Juan Racing Assoc. Inc., supra, cuando se reclamó el lucro cesante por uno de los cónyuges, la Sociedad de Gananciales no era parte del pleito.
En nuestro caso, uno de los co-administradores de la Sociedad de Gananciales incluyó en su demanda-enmendada una reclamación, para beneficio de la misma, sobre lucro cesante, dentro del término prescriptivo de un (1) año para ejercitarla. Aunque no se incluyó en la demanda enmendada a la Sociedad de Gananciales como tal, dicha reclamación tuvo el efecto de interrumpir el prescriptivo, según decidió el Tribunal Supremo en el caso de Urbino v. San Juan Racing Assoc., Inc., supra. Esto es, que la reclamación dentro del término prescriptivo de un año, por uno de los cónyuges en este caso, interrumpió el mismo, y por ende, no estaba prescrita la acción de la Sociedad de Gananciales cuando se solicitó la enmienda para incluirla como parte en el litigio.
Finalmente, cabe señalar que lo resuelto en Franco v. Mayaguez Building, Inc., 108 D.P.R. 192 (1978), es distinguible a los hechos del caso de autos. Allí el Tribunal Supremo concluyó que "[l]a reclamación de la sociedad legal de gananciales por lucro cesante estaba prescrita al instarse la demanda,...." Tal no es la situación en la controversia bajo consideración.
III
Por las consideraciones anteriores, se deniega la expedición del auto de certiorari.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 96DTA177
1. Originalmente, Royal presentó recurso de apelación para revisar la resolución antes referida. El 8 de octubre de 1996 emitimos una Resolución mediante la cual acogimos el mismo como certiorari y no apelación, en vista de que se trata de la revisión de una resolución interlocutoria y no de una sentencia final.